IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JODI M. STITT, | ) |
|         Plaintiff, | )<br>)<br>) |
|   -vs- | )   Civil Action No.  20-1610 |
| KILOLO KIJAKAZI,[1]<br>COMMISSIONER OF SOCIAL SECURITY,<br>        Defendant. | )<br>)<br>)<br>)<br>) |

AMBROSE, Senior District Judge

## **OPINION**

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 16 and 18). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 17 and 19). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 16) and granting Defendant's Motion for Summary Judgment. (ECF No. 19).

## I. **BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits pursuant to the Social Security Act. Plaintiff filed her application on May 14, 2018 alleging disability began on October 3, 2013. Administrative Law Judge ("ALJ"), William J. Bezego, held a hearing on July 16, 2019. On September 17, 2019, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 11-21).

---

[1]Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF No. 16 and 18). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

      **B.**    **Residual Functional Capacity ("RFC")**[2]

Plaintiff first argues that the ALJ improperly determined her RFC. (ECF No. 17, pp. 13-15). To that end, Plaintiff specifically argues that there is substantial evidence to support her position that she is not able to perform the mental requirements of work set forth in the ALJ's RFC finding. *Id.* She suggests her testimony, the testimony of her friend (Ms. Klein), and her

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §416.945(a). In this case, the ALJ found Plaintiff has the RFC to perform a full range of work at all exertional levels but with nonexertional limitations. (ECF No. 8-2, p. 15).

3

treatment records support her position. *Id.* at p. 14. To be clear, the standard is not whether there is evidence to establish Plaintiff's position. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, the support for Plaintiff's argument in this regard is entirely misplaced and insufficient to place the issue before me.

Nonetheless, after a review of the record, I find that there is substantial evidence of record to support the finding of the ALJ. (ECF No. 8-2, pp. 11-21). Therefore, I find no error in this regard.

### C. **Vocational Expert**

Plaintiff submits that the ALJ erred by improperly disregarding vocational expert testimony and by relying on an incomplete hypothetical question. (ECF No. 17, pp. 15-17). An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 8-2, pp. 11-21; No. 8-2, pp. 65-73). Consequently, I find no error in this regard.[3]

---

[3] Contained within this argument section of Plaintiff's Brief, Plaintiff submits that the "ALJ did not show any rational basis for discounting Plaintiff's or Ms. Klein's testimony." (ECF No. 17, p.. 16-17). To that

4

An appropriate order shall follow.

---

end, Plaintiff, without more, merely asserts that "the evidence in the record supports the conclusion that Plaintiff has significant mental health limitations.  As such, her complaints were entitled to great weight and the ALJ erred in discounting both her and Ms. Kline's testimony and the treating mental heath records."  (ECF No. 17, pp. 16-17).  Again, I note the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).   Thus, the support for Plaintiff's argument is completely misplaced.

  Nonetheless, after a review of the record, I find that the ALJ followed the proper method as set forth SSR 16-3p; 20 C.F.R. §§404.1529(c), 416.929(c).  (ECF No. 8-2, pp. 11-21).  For example, the ALJ considered Plaintiff's statements and found them to be inconsistent with the medical and other evidence in the record.  *Id.*  Specifically, the ALJ compared her statements to the objective imagining evidence, the physical consultative and state agency opinions, the mental health treatment records, and Plaintiff's statement as well as the statements of her friend, Ms. Klein.  *Id.*  Furthermore, I note that the ALJ need not discuss every tidbit of evidence. 20 C.F.R. §404.1520c(d); *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record.").   I must defer to the ALJ's determinations, unless they are not supported by substantial evidence.  *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).  Additionally, a plaintiff need not be symptom-free or free from pain to be not disabled.  *Welch v. Heckler,*  808 F.2d 264, 270 (3d Cir. 1986).  Based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision for discounting Plaintiff's statements and the statements of her friend, Ms. Klein.  (ECF No. 8-2, pp. 11-21).  Therefore, I find no error in this regard.

5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JODI M. STITT, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Civil Action No. 20-1610 |
| KILOLO KIJAKAZI,[4] COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

**ORDER OF COURT**

THEREFORE, this 21st day of December, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 16) is denied and Defendant's Motion for Summary Judgment (ECF No. 18) is granted.

BY THE COURT:

_Donetta F. Ambrose_
Donetta W. Ambrose
United States Senior District Judge

---

[4]Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.